David J. McGlothlin, Esq. (SBN 026059)
david@southwestlitigation.com
**Hyde & Swigart**
2633 E. Indian School Road, Ste. 460
Phoenix, AZ 85016
Telephone: (602) 265-3332
Facsimile:  (602) 230-4482

Ryan L. McBride, Esq. (SBN 032001)
ryan@kazlg.com
**Kazerouni Law Group, APC**
2633 E. Indian School Road, Ste. 460
Phoenix, AZ 85016
Telephone: (800) 400-6808
Facsimile:  (800) 520-5523

*Attorneys for Plaintiff*

UNITED STATES DISTRICT COURT
DISTRICT OF ARIZONA

| | |
|---|---|
| **Robert H. Sanders,** | Case No.: |
| Plaintiff, | **COMPLAINT FOR DAMAGES PURSUANT TO THE FAIR CREDIT REPORTING ACT, 15 U.S.C. § 1681, ET SEQ.** |
| v. | |
| **Experian Information Solutions, Inc., Arizona Federal Credit Union, Desert Schools Federal Credit Union,** | **JURY TRIAL DEMANDED** |
| Defendants. | |

### INTRODUCTION

1. The United States Congress has found the banking system is dependent upon fair and accurate credit reporting.  Inaccurate credit reports directly impair the efficiency of the banking system, and unfair credit reporting methods undermine the public confidence, which is essential to the continued

functioning of the banking system. Congress enacted the Fair Credit Reporting Act, 15 U.S.C. § 1681 *et seq.* ("FCRA"), to insure fair and accurate reporting, promote efficiency in the banking system, and protect consumer privacy. The FCRA seeks to ensure consumer reporting agencies exercise their grave responsibilities with fairness, impartiality, and a respect for the consumer's right to privacy because consumer reporting agencies have assumed such a vital role in assembling and evaluating consumer credit and other information on consumers. The FCRA also imposes duties on the sources that provide credit information to credit reporting agencies, called "furnishers."

2. ROBERT H. SANDERS ("Plaintiff"), by Plaintiff's attorneys, brings this action to challenge the actions of EXPERIAN INFORMATION SOLUTIONS, INC. ("Experian"), ARIZONA FEDERAL CREDIT UNION ("AFCU"), DESERT SCHOOLS FEDERAL CREDIT UNION ("DSFCU") (or jointly as "Defendants") with regard to erroneous reports of derogatory and negative credit information made by Defendants to national reporting agencies, and for failure of Defendants to properly investigate, and this conduct caused Plaintiff damages.

3. Plaintiff makes these allegations on information and belief, with the exception of those allegations that pertain to Plaintiff, or to Plaintiff's counsel, which Plaintiff alleges on personal knowledge.

4. While many violations are described below with specificity, this Complaint alleges violations of the statute cited in its entirety.

5. Unless otherwise stated, all the conduct engaged in by Defendants took place in Arizona.

6. Any violations by Defendants were knowing, willful, and intentional, and Defendant did not maintain procedures reasonably adapted to avoid any such violation.

7. Unless otherwise indicated, the use of Defendants' name in this Complaint includes all agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers of Defendants' named.

## JURISDICTION AND VENUE

8. This Court has federal question jurisdiction because this case arises out of violation of federal law. 15 U.S.C. §1681 *et seq.*; 28 U.S.C. §1331; Jurisdiction arises for Plaintiff's supplemental state claims under 28 U.S.C. § 1367.

9. This action arises out of Defendants' violations of the Fair Credit Reporting Act, 15 U.S.C. §§ 1681-1681(x) ("FCRA").

10. Venue is proper in the United States District Court for the District of Arizona pursuant to 28 U.S.C. § 1391(b) because Plaintiff is a resident of Maricopa County, the State of Arizona and Defendants are subject to

personal jurisdiction in the County of Maricopa, State of Arizona as they conduct business there, and the conduct giving rise to this action occurred in Arizona. 28 U.S.C. § 1391(b)(2).

## PARTIES

11. Plaintiff is a natural person residing in the County of Maricopa, State of Arizona. In addition, Plaintiff is a "consumer" as that term is defined by 15 U.S.C. § 1681a(c). Defendant AFCU is a corporation doing business in the State of Arizona. Defendant DSFCU is a limited liability company doing business in the State of Arizona. Defendant Experian is a corporation doing business in the State of Arizona.

12. Defendants AFCU and DSFCU are furnishers of information as contemplated by 15 U.S.C. § 1681s-2(b) that regularly and in the ordinary course of business furnish information to a consumer credit reporting agency.

13. Defendant Experian is a national credit reporting agency, doing business in Arizona, with a principal place of business in Ohio.

## GENERAL ALLEGATIONS

14. At all times relevant, Plaintiff was an individual residing within the State of Arizona.

15. At all times relevant, Defendants conducted business in the State of Arizona.

16. On or about April 7, 2009, Plaintiff filed for Bankruptcy in the United States Bankruptcy Court for the District of Arizona. Plaintiff's case was assigned Case Number 2:09-bk-006786 (the "Bankruptcy").

17. The obligations ("Debt") to each defendant were scheduled in the Bankruptcy and Defendants, the Creditors, received notice of the Bankruptcy.

18. On or about November 5, 2014, Plaintiff received a Bankruptcy discharge.

19. None of the Defendants filed any proceedings to declare their Debt "non dischargeable" pursuant to 11 U.S.C. § 523 *et seq*.

20. Defendants also did not request relief from the "automatic stay" codified at 11 U.S.C. §362 *et seq.* while the Plaintiff's Bankruptcy was pending to pursue the Plaintiff on any *personal* liability for any of the underlying Debts.

21. Accordingly, the Debt to each defendant was discharged through the Bankruptcy.

22. Further, while the automatic stay was in effect during the Bankruptcy, it was illegal for any of the Defendants to report any post-Bankruptcy derogatory collection information.

23. Defendants' attempt to collect upon their respective Debt by reporting post-Bankruptcy derogatory information was therefore false or inaccurate and prohibited by the automatic stay or Discharge.

24. Plaintiff subsequently learned that each of the named Defendants reported post-Bankruptcy derogatory credit information regarding the obligations on Plaintiff's credit reports, thereby causing erroneous and negative credit information in Plaintiff's credit files.

**Arizona Federal Credit Union Misreported Credit Information**

25. In an Experian credit report dated October 22, 2014, AFCU reported the following inaccurate, derogatory information:

    - Account No. 47088503: Post-bankruptcy reporting of late payments;

    - Account No. 4708850002: Post-bankruptcy reporting of past dues, balance owed, charge offs, and in collections;

    - Account No. 4708850089: Post-bankruptcy reporting of past dues, balance owed, charge offs, and in collections

26. AFCU should not have reported derogatory information on Plaintiff's account after April 7, 2009, because Plaintiff filed for Bankruptcy on April 7, 2009.

27. On or about March 24, 2015, Plaintiff disputed AFCU's reported information regarding the Debt pursuant to 15 U.S.C. § 1681I(a)(2) by notifying Experian, in writing, of the incorrect and inaccurate credit information furnished by AFCU.

28. Specifically, Plaintiff sent a letter, certified, return receipt, to Experian (the "Experian Dispute Letter"), requesting the above inaccurate and incorrect derogatory information be removed as follows:

- Arizona Federal Credit Union account number 47088503 is reporting incorrectly on my credit reports. They are reporting a late payment in July 2009, after I had filed for bankruptcy. Therefore this is not accurate.

- Arizona Federal Credit Union account number 4708850002 and 4708850089 are both reporting incorrectly on my credit reports. They are reporting a last past dues as late as 03/13 and 05/13, as well as balance owed, charge offs, and in collections, after I had filed for bankruptcy. Therefore this is not accurate. All late payment history, and charge off indications need to be removed from this account.

29. The Experian Dispute Letter further stated:

- This is damaging my credit and lead to a higher interest rate on my recent car loan. I request that you re-investigate these accounts and immediately correct these errors.

30. Upon information and belief, Experian timely notified AFCU of Plaintiff's dispute, but AFCU continued reporting derogatory information.

31. AFCU and Experian were required to conduct a reinvestigation into this specific account on Plaintiff's consumer report pursuant to 15 U.S.C. §1681i.

32. On or about April 21, 2015, Plaintiff received notification from Experian that AFCU and Experian received notice of Plaintiff's dispute pursuant to 15 U.SC. § 1681i(a)(6), and Defendants verified some of the disputed account

information and/or failed to address all of the inaccurate information disputed by Plaintiff.

33. Surprisingly, rather than remove all the derogatory information from Plaintiff's report, AFCU and Experian simply left derogatory information on Plaintiff's report. Specifically, AFCU and Experian reported the following inaccurate, derogatory information:

- Account No. 47088503: Post-bankruptcy information for the following dates: May 2009, June 2009 (Past Due); July 2009 (Charge off)

- Auto Loan Partial Account No. 470885…: Post-bankruptcy information for the following dates: May 2009-September 2009, December 2009-January 2010, December 2011, February 2012-March 2012 (Past Due); April 2012, May 2012, July 2012-March 2013, May 2013-January 2014, March 2014-October 2014 (Charge off).

- Credit Card Partial Account No. 470885…: Post-bankruptcy information for the following dates: May 2009, June 2009 (Past Due); August 2012, October 2012-February 2013, May 2013-July 2013, September 2013-January 2014, March 2014-October 2014 (Charge off).

34. AFCU and Experian, upon receipt of Plaintiff's dispute, failed to conduct an investigation with respect to the disputed information as required by 15 U.SC. § 1681s-2(b)(1)(A).

35. AFCU and Experian failed to review all relevant information provided by Plaintiff in the dispute to Experian, as required by and in violation of 15 U.SC. § 1681s-2(b)(1)(B).

36. Due to AFCU and Experian's failure to investigate, they each further failed to correct and update Plaintiff's information as required by 15 U.S.C. § 1681s-2(b)(1)(E), thereby causing continued reporting of inaccurate information in violation of 15 U.S.C. § 1681-s(2)(b)(1)(C).

37. Plaintiff's continued efforts to correct AFCU and Experian's erroneous and negative reporting of the Debt by communicating Plaintiff's dispute with AFCU and Experian were fruitless.

38. AFCU and Experian's continued inaccurate and negative reporting of the Debt in light of its knowledge of the actual error was willful.

39. AFCU and Experian's inaccurate and negative reporting damaged Plaintiff's creditworthiness.

40. By inaccurately reporting account information relating to the Debt after notice and confirmation of its errors, AFCU and Experian failed to take the appropriate measures as determined in 15 U.S.C. §§ 1681-s(2)(b)(1)(D) and (E).

## **Desert Schools Federal Credit Union Misreported Credit Information**

41. In an Experian credit report dated October 22, 2014, DSFCU reported the following inaccurate, derogatory information:

    - Account #2091448470: Post-bankruptcy reporting of past dues and charge offs.

    - Account #2091448480: Post-bankruptcy reporting of past dues and charge offs

42. DSFCU should not have reported derogatory information on Plaintiff's account after April 7, 2009, because Plaintiff filed for Bankruptcy on April 7, 2009.

43. On or about March 24, 2015 Plaintiff disputed DSFCU's reported information regarding the Debt pursuant to 15 U.S.C. § 1681I(a)(2) by notifying Experian, in writing, of the incorrect and inaccurate credit information furnished by DSFCU.

44. Specifically, Plaintiff sent a letter, certified, return receipt, to Experian (the "Experian Dispute Letter"), requesting the above inaccurate and incorrect derogatory information be removed as follows:

    - Desert Schools Federal Credit Union account number 2091448470 and 2091448480 are both reporting incorrectly on my credit reports. They are reporting a last past dues as late as 10/14, as well as charge offs in 2014, after I had included these debts in my bankruptcy. Therefore this is not accurate. All late payment history, and charge off indications need to be removed from this account.

45. The Experian Dispute Letter further stated:

    - This is damaging my credit and lead to a higher interest rate on my recent car loan. I request that you re-investigate these accounts and immediately correct these errors.

46. Upon information and belief, Experian timely notified DSFCU of Plaintiff's dispute, but DSFCU continued reporting derogatory information.

47. DSFCU and Experian were required to conduct a reinvestigation into this specific account on Plaintiff's consumer report pursuant to 15 U.S.C. §1681i.

48. On or about April 21, 2015, Plaintiff received notification from Experian that DSFCU and Experian received notice of Plaintiff's dispute pursuant to 15 U.SC. § 1681i(a)(6), and Defendants verified some of the disputed account information and/or failed to address all of the inaccurate information disputed by Plaintiff.

49. Surprisingly, rather than remove all the derogatory information from Plaintiff's report, DSFCU and Experian simply left derogatory information on Plaintiff's report.  Specifically, DSFCU and Experian reported the following  inaccurate, derogatory information:

    - Auto Loan Partial Account No. 209144…: Post-bankruptcy information for the following dates: May 2009, July 2009-September 2009, November 2010-March 2011 December 2013-April 2014 (Past Due); May 2014-October 2014 (Charge off).

- Credit Line Partial Account No. 209144…: Post-bankruptcy information for the following dates: May 2009, July 2009-November 2009 (Past Due).

50. DSFCU and Experian, upon receipt of Plaintiff's dispute, failed to conduct an investigation with respect to the disputed information as required by 15 U.SC. § 1681s-2(b)(1)(A).

51. DSFCU and Experian failed to review all relevant information provided by Plaintiff in the dispute to Experian, as required by and in violation of 15 U.SC. § 1681s-2(b)(1)(B).

52. Due to DSFCU and Experian's failure to investigate, they each further failed to correct and update Plaintiff's information as required by 15 U.S.C. § 1681s-2(b)(1)(E), thereby causing continued reporting of inaccurate information in violation of 15 U.S.C. § 1681-s(2)(b)(1)(C).

53. Plaintiff's continued efforts to correct DSFCU and Experian's erroneous and negative reporting of the Debt by communicating Plaintiff's dispute with DSFCU and Experian were fruitless.

54. DSFCU and Experian's continued inaccurate and negative reporting of the Debt in light of its knowledge of the actual error was willful.

55. DSFCU and Experian's inaccurate and negative reporting damaged Plaintiff's creditworthiness.

56. By inaccurately reporting account information relating to the Debt after notice and confirmation of its errors, DSFCU and Experian failed to take the appropriate measures as determined in 15 U.S.C. §§ 1681-s(2)(b)(1)(D) and (E).

**FIRST CAUSE OF ACTION**
**VIOLATION OF THE FAIR CREDIT REPORTING ACT**
**15 U.S.C. § 1681 *ET SEQ*. (FCRA)**

57. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

58. The foregoing acts and omissions constitute numerous and multiple willful, reckless or negligent violations of the FCRA, including but not limited to each and every one of the above-cited provisions of the FCRA, 15 U.S.C § 1681.

59. As a result of each and every willful violation of the FCRA, Plaintiff is entitled to actual damages as the Court may allow pursuant to 15 U.S.C. § 1681n(a)(1); statutory damages pursuant to 15 U.S.C. § 1681n(a)(1); punitive damages as the Court may allow pursuant to 15 U.S.C. § 1681n(a)(2); and reasonable attorney's fees and costs pursuant to 15 U.S.C. § 1681n(a)(3) from Defendants.

60. As a result of each and every negligent noncompliance of the FCRA, Plaintiff is entitled to actual damages as the Court may allow pursuant to 15

U.S.C. § 1681o(a)(1); and reasonable attorney's fees and costs pursuant to 15 U.S.C. § 1681o(a)(2) from Defendants.

## PRAYER FOR RELIEF

Plaintiff respectfully requests the Court grant Plaintiff the following relief against Defendants:

### FIRST CAUSE OF ACTION
### VIOLATION OF THE FAIR CREDIT REPORTING ACT
### 15 U.S.C. § 1681 ET SEQ. (FCRA)

- an award of actual damages pursuant to 15 U.S.C. § 1681n(a)(1);

- award of statutory damages pursuant to 15 U.S.C. § 1681n(a)(1);

- an award of punitive damages as the Court may allow pursuant to 15 U.S.C. § 1681n(a)(2);

- award of costs of litigation and reasonable attorney's fees, pursuant to 15 U.S.C. § 1681n(a)(3), and 15 U.S.C. § 1681(o)(a)(1) against Defendants for each incident of negligent noncompliance of the FCRA; and

- any other relief the Court may deem just and proper.

### TRIAL BY JURY

61. Pursuant to the seventh amendment to the Constitution of the United States of America, Plaintiff is entitled to, and demands, a trial by jury.

Dated: July 21, 2015                                   Respectfully submitted,


                                                       BY: /S/ RYAN L. MCBRIDE
                                                       RYAN L. MCBRIDE, ESQ.
                                                       ATTORNEY FOR PLAINTIFF

COMPLAINT                              14